# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1179V
Filed: January 10, 2017
TO BE PUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MARY RADHAKRISHNAN,              *
                                 *
           Petitioner,            *
                                 *
v.                               *   Attorneys' Fees and Costs;
                                 *   Appropriate Hourly Rate;
SECRETARY OF HEALTH              *   Reasonable Basis; Special
AND HUMAN SERVICES,              *   Processing Unit ("SPU")
                                 *
           Respondent.            *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Diana L. Stadelnikas*, Maglio, Christopher and Toale, PA, (FL), Sarasota, FL, for petitioner.
*Linda S. Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 13, 2015, Mary Radhakrishnan ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered a shoulder injury casually connected to the influenza vaccination she received in her left arm on October 15, 2012. Petition at ¶¶ 1-4. Petitioner maintained that she "suffered pain in her left shoulder within 24 hours of receiving the [influenza] vaccination." *Id.* at ¶ 2. On May 24, 2016, the undersigned issued a decision denying

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's claim for compensation and dismissing the case for insufficient proof.  (ECF No. 19).  Judgment entered on June 27, 2016.  (ECF No. 21).

On September 22, 2016, petitioner filed a motion requesting $5,288.10 in attorneys' fees and $446.23 in attorneys' costs for a total amount of $5,734.33.  Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶¶ 3-4, 9 (ECF No. 23).  Petitioner incurred no out-of-pocket expenses.[3]  For the reasons discussed below, the undersigned awards the amount requested, **$5,734.33** in attorneys' fees and costs.

## I.   Procedural History

Petitioner filed her petition without medical records shortly before expiration of the Vaccine Act's statute of limitations.[4]  During the subsequent month, petitioner filed medical records and a statement of completion.  See Exhibits 1-5 (ECF Nos. 8, 13); Statement of Completion (ECF No. 14).  The initial status conference was held telephonically on December 18, 2015.

During the call, the OSM staff attorney managing this SPU case discussed the lack of support for petitioner's claim in the medical records which were filed.  See Order, issued Dec. 21, 2015, at 1 (ECF No. 15).  Petitioner's counsel indicated she was seeking additional documents to support petitioner's claim.  She requested 30 days to file any additional documents and to determine if petitioner could move forward with her claim.  See id.

Instead of any additional proof, petitioner filed a motion for a decision on the record pursuant to Vaccine Rule 8(d).[5]  In her motion, petitioner indicated that she "has filed all relevant medical records and affidavits pertaining to this Petition and considers the evidentiary record closed."  Motion for a Decision on the Record, filed Jan. 28, 2016, at ¶ 6 (ECF No. 17).  She further indicated that she would not offer a medical opinion and thus, would not "pursue a formal causation hearing with expert witness testimony."  Id. at ¶ 7.  Respondent filed her response less than one month later (on February 16, 2016).  (ECF No. 18).  The undersigned dismissed petitioner's claim on May 24, 2016.  (ECF No. 19).

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses.  See Exhibit 8, filed as an Attachment to Pet. Motion.  Additionally, in accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred no out-of-pocket expenses.  See Pet. Motion at ¶ 6.

[4] Under the Vaccine Act, for a vaccine administered after October 1, 1988, "no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury."  § 16(a)(2).  Petitioner received the vaccination alleged as causal on October 15, 2012.  See Exhibit 1, filed Oct. 23, 2015 (ECF No. 8).  She filed her petition on October 13, 2015.

[5] The Vaccine Rules, which can be found at Appendix B to the Rules of the Court of Federal Claims ("RCFC"), govern all Vaccine Act proceedings.  Vaccine Rule 1(a).  Under the Vaccine Rules, a special master may "decide a case on the basis of written submissions without conducting an evidentiary hearing."  Vaccine Rule 8(d).

2

Petitioner filed her motion for attorneys' fees and costs on September 22, 2016. (ECF No. 23).  She filed Notices of Additional Authority on October 19, 2016 and January 5, 2017.  (ECF Nos. 24, 26).  On October 27, 2016, respondent filed a response stating that she has no objection "to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." (ECF No. 25).  Petitioner did not file a reply. The issue is ripe for adjudication.

**II.     Legal Standard for Determining the Amount of Fees and Costs**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims.  H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed).  As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012).  It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, "Congress did not intend that every losing petition be automatically entitled to attorneys' fees." *Perriera v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994).  The Vaccine Act requires an unsuccessful litigant to establish that their petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought before attorneys' fees and costs may be awarded.  § 15(e)(1).

"[T]he 'good faith' requirment . . . is a subjective standard that focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Petitioners are entitled to a presumption of good faith. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996); *see also Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).

This presumption does not extend to reasonable basis which must be affirmatively demonstrated by the petitioner. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011).  "In contrast to the subjective standard afforded the 'good faith' requirement, the 'reasonable basis' requirement 'is objective, looking not at the likelihood of success [of a claim] but more to the feasibility of the claim.'" *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma*, 1993 WL 496981, at *1).  "[R]easonable basis is an objective standard determined by the "totality of the circumstances" inquiry." *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014).  It should not be rigidly applied. *Id.* at 285; *see also Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012) (emphasizing that "[a] special master's determination . . . is entitled to deference").

After it has been determined that an award of attorneys' fees and costs is appropriate, the special master must determine the amount to be awarded. As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate. *Avera*, 515 F.3d at 1349. If these two requirements are met, the *Davis* exception applies, and petitioner's counsel is paid according to the local rate. *Id.*; see *Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375. Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees. *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed. *Saxton*, 3 F.3d at 1521. A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484. She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### III.   Good Faith and Reasonable Basis

A review of the medical records reveals that petitioner's claim is tenuous at best. Despite that fact, there is nothing in the record to indicate petitioner lacked the requisite

good faith when filing her claim. The undersigned finds petitioner has satisfied the statutory requirement of good faith and turns to the issue of reasonable basis.

It is well established that claims filed on the eve of the expiration of the Vaccine Act's statute of limitations are subject to a more lenient standard when determining if reasonable basis exists. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2008 WL 4793152, at *5 (Fed. Cl. Spec. Mstr. Jan. 9, 2008) (noting this "long recognized" proposition). Petitioner's counsel in these cases often do not have the time needed to properly research petitioner's claim prior to filing the petition.[6]

However, this greater latitude should not be interpreted to allow for a finding of reasonable basis for every claim filed in this manner.[7] Petitioner's counsel still is required to perform due diligence, given the available evidence and amount of time prior to the running of the statute of limitations.[8] Furthermore, even though reasonable basis may exist at the time the petition is filed, it "may later come into question if new evidence becomes available or the lack of supporting evidence becomes apparent." *Chuisano*, 116 Fed. Cl. at 288; *see also Perriera*, 33 F.3d at 1377 (affirming the special master's finding that reasonable basis existed until the evidentiary hearing); *Hamrick*, 2008 WL 4793125, at *4 (observing that "[p]etitioner's counsel must review periodically the evidence supporting petitioner's claim").

In this case, the billing records establish that petitioner's counsel began work on this case on September 23, 2015. *See* Exhibit 6 at 1. The petition was filed 20 days later, two to three days prior to the expiration of the Vaccine Act's statute of limitations.[9]

---

[6] *See McNett v. Sec'y of Health & Human Servs.*, No. 99-684V, 2011 WL 760314, at *8 (Fed. Cl. Spec. Mstr. Feb. 4, 2011) (finding a review of the billing records showed petitioner's counsel "had no time to request medical record, let alone any time to review [them]"); *Hamrick*, 2008 WL 4793125, at *6 (emphasizing respondent's failure "to recognize that the looming statute of limitations prevented a thorough examination of the case"); *Turner*, 2007 WL 4410030, at *5 (finding a claim filed on the eve of the running of the statute of limitations "may be supported by less information than would be expected if counsel had more time to conduct a pre-filing investigation of the factual underpinnings and the medical basis for a vaccine claim").

[7] "A looming statute of limitations does not forever absolve a petitioner from his or her obligation to proceed with a reasonable basis to support his claim, at least not if the petitioner hopes to recover any fees and costs." *Chuisano*, 116 Fed. Cl. at 287 (emphasis omitted). "[T]he statute of limitations is a factor that may affect the reasonable basis analysis in appropriate circumstances." *Id.*

[8] *See Simmons v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 579 (2016) (The special master erred in finding reasonable basis existed even when the petition was filed on the eve of the expiration of the statute of limitations. Although petitioner disappeared until the day before the petition was filed, he initially contacted petitioner's counsel more than 2 years prior to the expiration of the statute of limitations.); *Silva v. Sec'y of Health & Human Servs.*, No. 10-101V, 2012 WL 2890452, at *13 (Fed. Cl. Spec. Mstr. June 22, 2012), *aff'd* 108 Fed. Cl. 401 (2012) (finding "[t]he attorneys essentially did not investigate [petitioner's] case properly before filing it").

[9] Petitioner received the influenza vaccination alleged as causal on October 15, 2012. *See* Exhibits 1; 3 at 5. According to her petition, "[p]etitioner suffered pain in her left shoulder within 24 hours of receiving the vaccination." Petition at ¶ 2. Thus, the statute of limitations would have expired in this case on

It appears that prior to filing the petition, counsel was able to review only the vaccination record and possibly the record from petitioner's August 24, 2015 visit with Terry D. Hashey, D.O. at the First Coast Family Medicine.[10]  These records show that petitioner received the influenza vaccination on October 15, 2012 (exhibit 1) and informed Dr. Hashey that she had been dealing with shoulder pain in her left shoulder for three years, ever since receiving the vaccination "too [sic] high in her arm" (exhibit 2 at 2). Because petitioner was visiting Dr. Hashey for the first time "to establish care," he had no prior records to support or disprove her claims.  *Id.*

Counsel did not receive petitioner's prior medical records from Dr. Vishen until October 21, 2015, nine days after the petition was filed.  These records contain information which undermines petitioner's claims,[11] but several of the records are difficult to read.  *See, e.g.* Exhibit 3 at 4 (the record of a visit approximately one month after vaccination).

Petitioner's counsel did not receive the last of petitioner's medical records until November 11, 2015.  *See* Exhibit 6 at 3 (2nd entry dated Nov. 11, 2015).  At that point, it should have become abundantly clear to petitioner's counsel there were serious issues with petitioner's claim.[12]  Nevertheless, petitioner's counsel and several of the paralegals at her firm continued to work on the claim, even expending some time working on the issue of damages.  *See* Exhibit 6 at 3 (1st entry dated Nov. 24, 2015 and 2nd entry dated Dec. 16, 2015).

---

October 15 or 16, 2015.  *See* § 16(a)(2); *see also supra* note 4.  The petition was filed on October 13, 2015.

[10] The billing records indicate that petitioner's counsel reviewed "intake records, notes from client" just four days before the petition was filed.  *See* Exhibit 6 at 1 (entry dated Oct. 9, 2015).  The day before the petition was filed, records were reviewed by petitioner's counsel and a paralegal at her firm.  *See id.* (1st and 8th entries dated October 12, 2015).  The first records filed on October 23, 2015, were the vaccination record, record from the August 24, 2015 visit with Dr. Hashey, and medical records from petitioner's primary care provider ("PCP") Rajesh K. Vishen, M.D.  *See* Exhibits 1-3.  However, Dr. Vishen's records were not received and reviewed until Oct. 21, 2015.  *See* Exhibit 6 at 2 (entry dated Oct. 21, 2015).  Thus, only the records later filed as Exhibits 1-2 could have been reviewed on October 9 and 12, 2015.

[11] The day petitioner received the influenza vaccination, she sought treatment from Dr. Vishen for six months of intermittent chest pain and numbness and tingling on her left side.  *See* Exhibit 3 at 5.  Approximately one month later, petitioner reported that these symptoms had improved.  *See id.* at 4.  A more detailed discussion of the information in the medical records can be found in the undersigned's dismissal decision.  *See Radhakrishnan v. Sec'y of Health & Human Servs.*, No. 15-1179V, 2016 WL 3453723, at *3 (Fed. Cl. Spec. Mstr. May 24, 2016).

[12] In addition to the contradictory information contained in Dr. Vishen's records (exhibit 3), the records filed on November 11, 2015 further weaken petitioner's claim.  The records describe several visits between the vaccination alleged as causal and petitioner's first complaint of symptoms to Dr. Hashey, but fail to mention left shoulder pain occurring with 24 hours of vaccination as petitioner later claims.  During a May 29, 2014 visit with a neurologist, Dr. Groblewski, petitioner does describe a current, non-severe headache on petitioner's left side which extended to her shoulder but attributes the pain solely to her headache.  *See* Exhibit 4 at 38.  She does not mention her earlier influenza vaccination.

6

However, the majority of time billed after early November was spent preparing for the initial status conference, discussing the case with petitioner, and seeking additional medical records to support petitioner's claims. *Id.* at 3-7. Petitioner filed her motion for a decision on the record approximately 40 days after the initial status conference held on December 18, 2015. More importantly, it is clear that petitioner's counsel worked diligently to obtain the medical records in this case. *See, e.g.* Exhibit 6 at 1 (2nd entry dated Oct. 12, 2015) (describing multiple telephone calls to petitioner "regarding . . . the need for records"). In total, petitioner's counsel spent less than nine hours over a four month period of time working on petitioner's claim.

Petitioner filed her claim on the eve of the expiration of the Vaccine Act's statute of limitations. Subsequently, she pursued her claim in a timely manner and requested a ruling on the record when unable to produce additional evidence of her claim. The undersigned finds petitioner had a reasonable basis to file her claim. Furthermore, that reasonable basis continued through the conclusion of this case. Thus, petitioner is entitled to an award of attorneys' fees and costs.

## IV.   Appropriate Amount of Attorneys' Fees and Costs

Petitioner requests an hourly rate of $300 for work performed in 2015 and $359 for work performed in 2016. *See* Exhibit 6 at 1-7. She requests paralegal rates of $95, $105, and $145. *See id.* In support of the requested rates, petitioner has filed affidavits from petitioner's counsel, Altom Maglio (the managing partner at petitioner's counsel's law firm, Maglio, Christopher & Toale, P.A. ("the Maglio firm"), and attorneys and paralegals not related to counsel's firm or this action. *See* Exhibits 9-12.

On October 14, 2016, Special Master Corcoran issued a reasoned decision in *Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016), addressing the issue of an award or appropriate hourly rates for the attorneys in the Maglio firm's office located in Sarasota, Florida. The undersigned adopts the same reasoning in this case. Furthermore, the undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

## V.   Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

The undersigned awards **$5,288.10** in attorneys' fees and **$466.23** in attorneys' costs for a total award of **$5,734.33**[13] **payable jointly to petitioner and petitioner's counsel, Diana L. Stadelnikas.**

---

[13] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

The clerk of the court shall enter judgment in accordance herewith.[14]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.